IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-CR-00039-KDB-DCK-1

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JASON MATTHEW BEASLEY ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the Defendant *pro se* for compassionate release and appointment of counsel based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 28).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, Defendant claims that he petitioned the warden for compassionate but attaches no copy of the request. He also claims that the warden denied his petition but again attaches no copy of the denial. Even if the warden denied Defendant's request, the statute requires that he exhaust his administrative rights to appeal the warden's decision before seeking relief from this Court. Likewise, Defendant claims to suffer from respiratory problems, sleep apnea and obesity but fails to provide

BOP medical records to substantiate his medical claims. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

Defendant also asks the Court to appoint him counsel to assist him with his request for a compassionate release. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 484 F.App'x 785, 785 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to his alleged medical conditions. Defendant is capable of requesting compassionate release on this basis without the assistance of counsel and defendant has not otherwise established that the interests of justice require appointment of counsel in this circumstance. The Court finds that the interests of justice do not require appointment of counsel to assist Defendant at this time.

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* motion for compassionate release and appointment of counsel (Doc. No. 28), is **DENIED**

without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: August 26, 2021

Kenneth D. Bell
United States District Judge